# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAULA HANSON-HODGE,
                 Appellant,

                 v.

SOCIAL SECURITY
     ADMINISTRATION,
                 Agency.

DOCKET NUMBER
DC-0432-14-0475-I-1

DATE: October 13, 2022

## THIS ORDER IS NONPRECEDENTIAL[1]

Paula Hanson-Hodge, Upper Marlboro, Maryland, pro se.

Clary Simmonds, Esquire, Baltimore, Maryland, for the agency.

Donald K. Neely, Philadelphia, Pennsylvania, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal for unacceptable performance under 5 U.S.C. chapter 43.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order and *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2      The agency removed the appellant from the GS-13 Paralegal Specialist position based on the charge of unacceptable performance.  Initial Appeal File (IAF), Tab 9 at 27, 28, 91.  Specifically, the agency found that the appellant was not successful in the critical element "Achieves Business Results" which includes the performance standard "[p]roduces a fair share of work according to supervisory expectations," because she did not reach a production quota level of 70% necessary to receive a rating of fully successful in the agency's three-level performance rating system.  *Id.* at 93.

¶3      On appeal, the appellant alleged that the agency's action violated 5 U.S.C. § 4303 and constituted retaliation for her prior equal employment opportunity (EEO) activity.  IAF, Tab 1.  Based on her review of the record, the administrative judge found that the agency proved by substantial evidence that: (1) it took the action under a performance appraisal system approved by the Office of Personnel Management (OPM); (2) the appellant's performance standards were valid and communicated to her; (3) the appellant's performance in the critical element "Achieves Business Results" was deficient as charged; and (4) it provided the appellant with a reasonable opportunity to demonstrate acceptable performance prior to effecting the removal action.  IAF, Tab 43, Initial Decision (ID) at 8-28.  The administrative judge also found that the appellant failed to show by preponderant evidence that the agency removed her in retaliation for her protected activity of filing EEO complaints.  ID at 28-31.

¶4    In her petition for review,[2] among other things, the appellant argues that the 70% production quota level expectation is merely unofficial because the agency's Commissioner did not approve it.  Petition for Review (PFR) File, Tab 1.  She also asserts that other employees who did not make the 70% expectation did not get removed, and the administrative judge did not allow a witness who would have testified about employees who did not make the 70% expectation and were not placed on an Opportunity to Perform Successfully (OPS)[3] or removed.  *Id.*  The appellant further contends that her supervisors interfered with her ability to produce at the 70% expectation by not allowing her to work on flexiplace.  *Id.*  Additionally, the appellant asserts that the administrative judge erred in finding that the appellant's supervisor was a credible witness.  *Id.*  She argues moreover, that the administrative judge erred in finding that the appellant did not establish her claim of retaliation for filing an EEO complaint because of the proximity in time of the adverse action and her complaint.[4]  *Id.*

---

[2] The appellant attached a number of documents to her petition for review.  Petition for Review File, Tab 1.  Under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The appellant has failed to make such a showing, and thus we have not considered those documents in granting the appellant's petition for review.  We note that one of the documents submitted on petition for review is a Standard Form (SF) 50 showing that the appellant received a within-grade increase based on a determination that her work performance was at an acceptable level of competence.  The determination of acceptable level of competence was made on November 1, 2013, only 2 weeks before the agency proposed the appellant's removal for unacceptable performance.  However, the parties did not submit this SF-50 below and did not argue its significance.  Thus, we have not weighed it in reaching the decision to grant the petition for review.

[3] An OPS is the agency's performance improvement plan.  IAF, Tab 9 at 29.

[4] Following the submission of her petition for review, the appellant also filed a motion for leave to file additional pleadings.  PFR File, Tab 5.  In this motion, the appellant seeks leave to submit her previously mentioned SF-50, two declarations from the American Federation of Government Employees union representative, and for the Board to consider two cases (*Salmon v. Social Security Administration*, 663 F.3d 1378 (Fed. Cir. 2011) and *Wilson v. Department of Health & Human Services*, 770 F.2d 1048 (Fed. Cir. 1985)).  The appellant has failed to explain how this additional evidence could not

**ANALYSIS**

¶5    At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that:  (1) OPM approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of her performance during the appraisal period and gave her a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element.  *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013).[5]  As discussed below, we discern no basis to disturb the administrative judge's findings in the initial decision.

The appellant has not established any error in the administrative judge findings that the agency's performance standards were valid and that the appellant was provided a reasonable opportunity to improve.

¶6    Although the appellant stipulated that OPM approved the agency's performance appraisal system, IAF, Tab 41; ID at 8, she asserts, as she did below, that the performance standards are not valid because the 70% benchmark was not established by the agency Commissioner.  The administrative judge addressed this assertion, ID at 9, 13-14.  She found that performance standards need not be centrally established by agencies and there is no requirement that the 70% minimum standard be handed down directly by the Commissioner.  *Id.*; *see Jackson v. Department of Veterans Affairs*, 97 M.S.P.R. 13, ¶ 14 (2004); *Wells v.*

---

have been submitted below before the record closed or how it would change the initial decision as required by 5 C.F.R. § 1201.114(a)(5).  Accordingly, the appellant's motion for leave to submit additional evidence is denied.

[5] Although *White* provides that criterion 3 requires that performance standards be valid under 5 U.S.C. § 4302(b)(1), the National Defense Authorization Act for Fiscal Year 2018 redesignated subsection 4302(b) as subsection 4302(c).  Pub. L. No. 115-91, § 1097(d)(1)(A), 131 Stat. 1283, 1619 (2017).

*Harris*, 1 M.S.P.R. 208, 212 (1979), *modified by Gende v. Department of Justice*, 23 M.S.P.R. 604 (1984). As the administrative judge found, the managerial authority to decide what agency employees must do to perform acceptably is delegated to supervisors in the text of the critical element itself where it states under "Achieves Business Results" that the employee must "[p]roduce a fair share of work according to supervisory expectations." IAF, Tabs 9, 10, Subtab 4t; ID at 9; *see Jackson*, 97 M.S.P.R. 13, ¶ 14. We thus agree with the administrative judge that there is no requirement that the performance standard be handed down by the Commissioner.

¶7        The appellant's assertion, that other employees who did not make the 70% expectation were not placed on an OPS plan or removed, is raised for the first time on petition for review. PFR File, Tab 1. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Here, the appellant has presented no such evidence.

¶8        The appellant asserts, however, that the administrative judge rejected proposed witnesses that would have allowed the appellant to prove her assertion that others did not make the 70% expectation, but were not placed on an OPS or disciplined. The appellant does not identify who these witnesses were. The administrative judge did deny some of the appellant's witnesses as noted in the summary of prehearing conference. IAF, Tab 41. However, there is no suggestion that any of these witnesses would have testified to whether other employees who did not meet the 70% benchmark were neither placed on an OPS nor removed. *Id.* Further, the appellant did not object to the summary, despite the administrative judge informing the appellant that she could do so, and thus she is precluded from objecting on petition for review. *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 25 (2011) (finding that the appellant's failure to timely object to rulings during the hearing

precludes her from doing so on petition for review), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012); *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that the appellant's failure to timely object to the administrative judge's rulings on witnesses precludes her from doing so on review).

¶9    The appellant reiterates the assertion she made below that she was denied a reasonable opportunity to improve because the agency did not allow her to work on flexiplace.    PFR File, Tab 1.    The administrative judge found this unpersuasive.    ID at 25.    The administrative judge relied on the credible testimony of the appellant's supervisors to find that whether the appellant worked from home or her office had no bearing on her productivity.  *Id.*  The appellant argues that her supervisors' testimony was not credible.   However, the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).   We find that the appellant's mere assertion that her supervisors lied is not a sufficiently sound reason to overturn the administrative judge's credibility determination.

The appellant has not established any error in the administrative judge's findings as it relates to her claim of EEO retaliation.

¶10    Finally, the appellant asserts that she proved her affirmative defense of retaliation for filing an EEO complaint because the agency took the removal action close in time to when she filed her complaint, and that the action must be overturned on that basis.  PFR File, Tab 1. We disagree.   The administrative judge considered the appellant's assertion, and properly found that this evidence alone was insufficient for the appellant to meet her burden.  ID at 30-31.  She found, based on the strong evidence, including the supervisors' credible testimony, that the appellant's performance was unsuccessful, and that nothing in the agency's actions leading up to the appellant's removal suggested that the

removal was motivated by anything other than the appellant's performance deficiencies. ID at 31.

Remand is necessary to afford the parties an opportunity to submit evidence and argument regarding whether the appellant's placement on a Performance Improvement Plan (PIP) was proper.

¶11    Although the appellant has identified no basis for us to disturb the administrative judge's findings below, we nonetheless must remand this appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, that in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. Although the record in this appeal already contains evidence suggesting that the appellant's performance leading up to the PIP was indeed unacceptable, we remand the appeal to give the parties the opportunity to present argument and additional evidence (including the SF-50 mentioned above) on whether the appellant's performance during the period leading up to the PIP was unacceptable in one or more critical elements. *See id.*, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue, and shall hold a supplemental hearing if appropriate. *Id.*, ¶ 17.

¶12    The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id.* If the agency makes the additional showing required under *Santos* on remand that the appellant's performance in at least one critical element was at an unacceptable level prior to her placement on the PIP, the administrative judge may incorporate her prior findings on the other elements of the agency's case and the appellant's affirmative defense in the remand initial decision. *See*

*id.* Regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-PIP performance affects the administrative judge's analysis of the appellant's affirmative defense, she should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and his legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶13    For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.